IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3012 |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND RICHARDSON, | ) | FINDINGS, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

　　　　This matter is before the court on the defendant's motion to dismiss, (filing no. 26) and his supplemental motion to dismiss, (filing no. 34). The defendant claims his rights under the Speedy Trial Act and the Fifth and Sixth Amendments of the Constitution of the United States were violated and therefore dismissal is warranted. For the reasons set forth below, the motions to dismiss should be denied.

BACKGROUND

　　　　The defendant was indicted by the Grand Jury in the District of Nebraska on January 19, 2011 for allegedly conspiring to distribute and possess with intent to distribute 50 grams or more of "crack cocaine." Filing no. 1. The defendant was apprehended in Indiana and made an initial appearance in the Northern District of Indiana on April 21, 2011. During his initial appearance in Indiana, the Magistrate Judge[1] informed Richardson of the pending charges and penalties, his rights under Rule 20 of the Federal Rules of Criminal Procedure, his right to an identity hearing and a detention hearing, his Fifth Amendment right to remain silent, and his Sixth Amendment right to counsel. The defendant was not represented at the

---

[1] The Honorable Christopher A. Nuechterlein.

initial appearance.  Filing no. 34-1, p. 7.   A status hearing was set for April 25, 2011, and the defendant was afforded an opportunity to confer with counsel.

On April 25, 2011 the Magistrate Judge for the Northern District of Indiana detained Richardson for transport to the District of Nebraska by the Marshal.  Filing No. 10, p. 2. Richardson made his initial appearance and was arraigned in the District of Nebraska on June 13, 2011.  Filing No. 11.  Richardson was represented by counsel, who entered a not-guilty plea on Richardson's behalf.  Richardson's trial was initially set for August 22, 2011, (filing no. 14), but due to the extensive length of defendant's detention for transport and before appearing before a Nebraska court, on July 1, 2011, this court entered an order moving the trial to July 11, 2011. Filing No. 19.  The defendant filed his motion to dismiss on July 5, 2011.  Filing No. 26.

LEGAL ANALYSIS

Richardson argues the complaint should be dismissed on three related grounds: (1) a violation of the Speedy Trial Act; (2) a violation of the Sixth Amendment of the United States Constitution; and (3) a violation of the Fifth Amendment of the United States Constitution.  Each is addressed, in turn, below.

**A.    Speedy Trial Act.**

1.    18 U.S.C. § 3161(c)(1) & (h)(1)(F).

Pursuant to the Speedy Trial Act (18 U.S.C. §§ 3161-74):

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C. 3161(c)(1).

Exceptions to the general seventy (70) day rule do exist in the Speedy Trial Act.  One such exclusion is found in 18 U.S.C. § 3161(h)(1)(F), which states:

(h)     The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1)     Any period of delay resulting from other proceedings concerning the defendant, including but not limited to –
. . .

(F)     delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

18 U.S.C. § 1361(h)(1)(F).

When a defendant is not brought to trial within the time limit set forth in the Speedy Trial Act, dismissal is mandatory on motion of the defendant.  18 U.S.C. § 3162(a)(2); United States v. Kramer, 827 F.2d 1174, 1176 (8th Cir. 1987).  The case may be dismissed with or without prejudice at the discretion of the court.  18 U.S.C. § 3162(a)(2).  The burden of proving dismissal is warranted under the Speedy Trial Act rests with the defendant, but

"the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under . . . 3161(h)(3)."  Id.

Exclusions of time under the Act are applicable only after time begins to accrue for the purposes of the Act.  That is, the Speedy Trial Act "clock" must have started, for the exclusions to become relevant.  See, e.g., U.S. v. Shepard, 462 F.3d 847, 865 (8th Cir. 2006) (noting the time the defendant spent incarcerated in California prior to his arraignment in Nebraska was "outside the statute").

In U.S. v. Munoz-Amado, 182 F.3d 57, 60 (1st Cir. 1999), a matter factually similar to this case, the defendant was indicted by the Grand Jury in Puerto Rico, but was arrested in Miami, Florida on November 17, 1995.  A removal hearing was held on November 27, 1995, and Munoz-Amado made his initial appearance in Puerto Rico on January 25, 1996. Munoz-Amado filed a motion to dismiss alleging a violation of the Speedy Trial Act. Specifically, he argued that the time began accruing, for the purposes of the Act, on November 27, 1995 – the date he was ordered removed to Puerto Rico.  Further, because he was transported between two districts, he argued that pursuant to 18 U.S.C. § 1361(h)(1)(F), only ten of the days from November 27, 1995 until January 26, 2006 were excludable under the Act.  The Government argued that time did not begin to accrue under the Act until Munoz-Amado made his first appearance in Puerto Rico – the district where the indictment was filed.

The court agreed with the Government, summarizing its holding as follows:

Muñoz's reliance on § 3161(h)(1)(H) to establish a violation of the STA in his case is misplaced.  Section 3161(h)(1)(H) is a tolling provision, not one that sets forth the events that trigger the start of the seventy-day period in which a trial must be held.  Section 3161(c)(1) clearly states that "the trial of a

4

defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs*." (emphasis added). Muñoz first appeared before a judicial officer of the District of Puerto Rico on January 26, 1995. The delay resulting from the transfer of Muñoz from Miami to Puerto Rico (the court in which the charges were pending) thus took place well before the STA clock even began to run. See United States v. Barnes, 159 F.3d 4, 10 (1st Cir.1998). As a result, there was no STA violation.

Munoz-Amado, 182 F.3d at 60.[2]  See also, U.S. v. Shepard, 462 F.3d at 865 (stating the accrual of time under the Speedy Trial Act did not begin until the arraignment in the court where the indictment was filed); United States v. Odman, 47 Fed.Appx. 221, 225 (4th Cir. 2002)(finding the time between a defendants apprehension in Florida and his transport to North Carolina was "not relevant" because the time did not begin accruing until he was arraigned in North Carolina); United States v. Garcia, 995 F.2d 556, 559 (5th Cir. 1993)(holding that when an indictment has been filed prior to an arrest "the first appearance before a judicial officer of the court in which the indictment has been filed is the triggering event"); United States v. Wilkerson, 170 F.3d 1040, 1042 (11th Cir. 1999)(Speedy Trial Act time did not begin to run on the date the defendant appeared before the judicial officer in the Northern District of Florida since the charge was pending in the Middle District of Florida).

Based on the holdings cited above, time did not begin accruing for the purposes of the Speedy Trial Act until Richardson made his initial appearance in Nebraska, the court where the charge was pending, on June 13, 2011. Although Richardson claims that his Speedy Trial rights were violated because he was detained for nearly two months while being transported by the Marshal from Indiana to Nebraska, the Speedy Trial Act exclusions,

---

[2]18 U.S.C. § 3161(h)(1)(H), as cited in Munoz-Amado, was the predecessor to 18 U.S.C. § 3161(h)(1)(F) and contains identical language.

5

including the exclusion limitation of 18 U.S.C. 3161(h)(1)(F), are not applicable until time begins to accrue under the Act.  In this case, time did not begin to accrue until June 13, 2011, and the two months of transport time incurred prior to that date are irrelevant to any assessment of time expired under the Act.

Richardson argues to the contrary, relying extensively on United States v. Becerra, 435 F.3d 931 (8th Cir. 2006).  In Becerra, the government sought a superseding indictment just before the Act time limit expired and rescheduled the defendant's trial for a date after the time limit passed.  Becerra did not involve a situation where a defendant was indicted in one district, but apprehended in another; it did not determine, or need to determine, when time under the Act begins to accrue.  Becerra is of no assistance to defendant Richardson.

2.      18 U.S.C. § 3161(c)(2).

Richardson argues that if time did not begin to accrue under the act until his initial appearance in Nebraska, the Act was violated when trial was re-set within thirty days of the initial appearance.  See 18 U.S.C. § 3161(c)(2).   Under 18 U.S.C. § 3161(c)(2), "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."  The defendant's initial appearance in Nebraska occurred on June 13, 2011, and his trial was set to begin on July 11, 2011.

While the trial in this case was set within 30 days of the initial appearance, the proper remedy for such a violation is not dismissal.

While the Speedy Trial Act requires an automatic dismissal of the charges for failing to bring a defendant to trial within its seventy-day limit, see 18 U.S.C.

6

§ 3162, there is no such automatic statutory remedy for bringing a defendant to trial before thirty days have elapsed from his first appearance through counsel in violation of 18 U.S.C. § 3161(c)(2). Instead, the correct remedy is for the defendant to make and for the district court to grant a motion for continuance in order to permit adequate pretrial preparation if the defendant's ability to defend against the charge has in fact been prejudiced. See Rojas-Contreras, 474 U.S. at 236-37, 106 S.Ct. 555; United States v. Maynie, 257 F.3d 908, 914-15 (8th Cir.2001); United States v. Vaughn, 111 F.3d 610, 613-14 (8th Cir.1997); United States v. Simpson, 979 F.2d 1282, 1287 (8th Cir.1992); United States v. Punelli, 892 F.2d 1364, 1369-70 (8th Cir.1990); Reynolds, 781 F.2d at 137.

United States v. Mancias, 350 F.3d 800, 810 (8th Cir. 2003).

Defendant Richardson's trial has not yet occurred.  Upon appearing before this court, the defendant was afforded a very prompt trial setting.  He could have moved to continue that trial date or, as he chose, moved to dismiss the indictment based on alleged violations of the Constitution or the Speedy Trial Act.   The defendant was not prejudiced by the July 11, 2011 trial setting, and his claim for dismissal under 18 U.S.C. § 3161(c)(2) lacks merit. Id.

**B**.   **Sixth Amendment.**

Richardson also argues his right to a speedy trial under the Sixth Amendment has been violated.

Sixth Amendment challenges are reviewed separately from the Speedy Trial Act. United States v. Thirion, 813 F.2d 146, 154 (8th Cir.1987). But this court has stated, "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir.2003). The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The Sixth Amendment right "attaches at the time of

7

arrest or indictment, whichever comes first, and continues until the trial commences." <u>United States v. Perez–Perez</u>, 337 F.3d 990, 995 (8th Cir.2003). The Supreme Court has identified four relevant inquiries in a claim involving the Sixth Amendment right to a speedy trial: (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay. <u>Doggett v. United States</u>, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line "dividing ordinary from 'presumptively prejudicial' delay." <u>Id.</u> at 651–52, 112 S.Ct. 2686 (quoting <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). This court has held a thirty-seven month delay is presumptively prejudicial. <u>United States v. Walker</u>, 92 F.3d 714, 717 (8th Cir.1996); cf. <u>Titlbach</u>, 339 F.3d at 699 ("A delay approaching a year may meet the threshold for presumptively prejudicial delay....").

United States v. Aldaco, 447 F.3d 1008, 1018-19 (8th Cir. 2007).

As noted by the <u>Aldaco</u> court, the delay must be "presumptively prejudicial" to trigger the four-factor <u>Barker</u> analysis. The Eighth Circuit has addressed what length of delay qualifies as "presumptively prejudicial." Delays of even several months have not been considered presumptively prejudicial under the Sixth Amendment. See United States v. Chahia, 544 F.3d 890, 899 (8th Cir. 2008)(delay of six and one-half months was "too short a time period to be presumptively prejudicial"); United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998) (delay of five months was not presumptively prejudicial); United States v. McFarland, 116 F.3d 316, 318 (8th Cir. 1997)(delay of just over seven months did not implicate Sixth Amendment).

In this case, the timing between Richardson's indictment and his scheduled trial date was less than six months. This length of time is not sufficient to considered presumptively

prejudicial.  Accordingly, Richardson's Sixth Amendment right to a speedy trial was not violated.

### C.    Fifth Amendment.

Richardson also urges dismissal, alleging a violation of his Fifth Amendment right to due process because he has experienced "oppressive delay."  The defendant is requesting the court to extend the established Fifth Amendment protections against oppressive pre-indictment delays to the delay between his appearance in the Northern District of Indiana and his initial appearance in the District of Nebraska. The court declines the defendant's request.

The defendant has not cited, and the court has not found, any authority in which the Fifth Amendment has been applied to a post-indictment case alleging rights were violated due to lengthy transport.  Moreover, even assuming the law supported defendant's Fifth Amendment argument, the defendant bears the burden of proving he has experienced actual and substantial prejudice and that the government's delay was an intentional attempt to gain a tactical advantage.  See, e.g., United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000)(applying the factors to a pre-indictment delay).  He has provided no evidence of either factor, thus his argument for the application of the Fifth Amendment fails in all respects.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Warren K. Urbom, United States District Judge, pursuant to 28 U.S.C.§636(b)(1)(B), that the defendant's motion to dismiss, (filing no. 26) and the supplemental motion to dismiss (filing no. 34), be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS ORDERED:

1)      The trial of this case is set to commence before the Honorable Warren K. Urbom at 9:00 a.m. on November 7, 2011, or as soon thereafter as the case may be called, for a duration of four (4) trial days, in Courtroom 4, United States Courthouse, Lincoln, Nebraska.  Jury selection will be held at commencement of trial.

2)      A conference with counsel for the parties will be held before Judge Urbom in his chambers beginning at 8:30 a.m. on November 7, 2011.

DATED this 5th day of October, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.